**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-CV-21499-ELFENBEIN

**U.S. BANK TRUST NATIONAL**
**ASSOCIATION**,

      Plaintiff,

v.

**2105 NW 1 LLC,** *et al.*,

      Defendants.

_____/

## ORDER REMANDING TO STATE COURT[1]

**THIS CAUSE** is before the Court on a *sua sponte* review of the record.  On May 8, 2025, U.S. Bank Trust National Association ("U.S. Bank Trust") filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County against Defendants Jorge Alvarino, ("Alvarino"); 2105 NW 1, LLC ("2105"); Jorge Alvarino P.A., ("Alvarino P.A."); and "Unknown Tenant #1" and "Unknown Tenant #2."  *See* ECF No. [1] at 7.  On March 6, 2026, Defendant Alvarino removed that lawsuit to this Court by filing a Notice of Removal "pursuant to 28 U.S.C. §§ 1441 and 1446" (the "Removal Notice").  *See* ECF No. [1] at 1.  Pursuant to Administrative

---

[1] It is generally accepted that a magistrate judge can remand an action because remand involves non-dispositive relief under 28 U.S.C. § 636(b)(1)(A).  *See Fun Depot, Inc. v. Carefree Park Corp.*, No. 05-CV-80969, 2006 WL 8433659, at *10 n.11 (S.D. Fla. Feb. 16, 2006); *Johnson v. Wyeth*, 313 F. Supp. 2d 1272, 1272–73 (N.D. Ala. 2004) (collecting cases and concluding the same).  *But cf. In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998) (holding that an order granting a motion for remand is dispositive).  "On the other hand, the parties should note that although this Order is not immediately reviewable, it could form the basis of an appeal at the conclusion of the case and if tied to an appealable final judgment."  *Fun Depot, Inc.*, 2006 WL 8433659, at *10 n.11; *see also Capital Bancshares, Inc. v. North Am. Guar. Ins. Co.*, 433 F.2d 279, 283 (5th Cir. 1970).  If Defendant Alvarino desires appellate review before final judgment, he must first file objections to this Order and seek *de novo* review.  *See Fun Depot, Inc.*, 2006 WL 8433659, at *10 n.11 (citing S.D. Fla. Mag. R. 4(b)).  At that point, a District Judge will be assigned and can treat this Order as a Report and Recommendation.  *Id.*

Order 2025-11, which applies to cases that include as a party "a non-prisoner pro se" litigant, this case was assigned to me as the presiding judge for all purposes, including entering dispositive orders, presiding over any trial, and entering a final judgment.

After reviewing the underlying state-court Complaint, on March 9, 2026, the Court determined that it may lack subject-matter jurisdiction over this lawsuit, but because Defendant Alvarino is proceeding *pro se*, the Court gave him a chance to clarify the jurisdictional basis for removal and establish, if possible, that the Court has subject-matter jurisdiction over the Complaint (the "Show Cause Order"). *See* ECF No. [5]; *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Bank of New York Mellon v. Bazile*, No. 24-CV-60328, 2024 WL 5433074, at *1 (S.D. Fla. May 30, 2024); *cf. Woldeab v. DeKalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1292 (11th Cir. 2018). More specifically, the Court ordered Defendant Alvarino to highlight "any basis for subject-matter jurisdiction" by indicating "the citizenship of each party to the case, including the citizenship of each individual member of any corporate Defendant," the "amount in controversy," and "where in the Complaint Plaintiff alleged facts showing its claims arise under the" Fair Debt Collection Practices Act "or some other provision of federal law." *See* ECF No. [5] at 4–5. The Court also warned Defendant Alvarino that failure to properly allege subject-matter jurisdiction by March 17, 2026 may result in remand to state court without further warning. *See* ECF No. [5] at 4–5. Defendant Alvarino failed to respond to the Show Cause Order.

Because "[f]ederal courts are courts of limited jurisdiction," they "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Courts "should inquire into whether" they have "subject matter jurisdiction at the earliest possible stage in the proceedings," and they must do so "*sua sponte* whenever it may be lacking." *See Univ. of*

2

*S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."). "[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction." *Univ. of S. Ala.*, 168 F.3d at 410. "Therefore, when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Congress has authorized defendants to remove civil actions from state court to federal court in several situations. *See, e.g.*, 28 U.S.C. §§ 1441–55. In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See id.* § 1441(a). Relevant here, district courts have original jurisdiction if the case contains a federal question, *see* 28 U.S.C. § 1331, or the parties are completely diverse and meet the amount-in-controversy requirement, *see* 28 U.S.C. § 1332(a); *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013); *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1303 (S.D. Fla. 2016).

"Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "[F]or purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004). The same is true for a limited liability company. *See id.* at 1022. And the "party commencing suit in federal court . . . has the burden

3

of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010).

Here, Defendant Alvarino asserts in the Removal Notice that this Court has subject-matter jurisdiction under § 1331 because the lawsuit raises a federal question under the FDCPA. *See* ECF No. [1] at 2. But nowhere in the Complaint's substantive allegations does Plaintiff reference 15 U.S.C. § 1692a or any provision of the FDCPA. *See* ECF No. [1] at 7–12. Instead, Plaintiff relies exclusively on Florida law when alleging the Complaint's grounds for relief in what is essentially a mortgage foreclosure action. *See id.* And Defendant Alvarino did not provide any additional information in response to the Show Cause Order to indicate otherwise. Because Defendant Alvarino, through his Removal Notice, is the party commencing suit in federal court, he has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction. *See Osting-Schwinn*, 613 F.3d at 1085. He has not done so as to federal question jurisdiction under § 1331.

Similarly, although Defendant Alvarino does not allege that the Court has subject-matter jurisdiction under § 1332 based on diversity, *see* ECF No. [1] at 1–3, he has not otherwise attempted to establish diversity jurisdiction in response to the Show Cause Order. Defendant Alvarino alleges in the Removal Notice, *see* ECF No. [1] at 2, that Plaintiff's address is in Texas and that both Defendants 2105 and Alvarino are domiciled in and therefore citizens of Florida. *See* ECF No [1] at 2.[2] Neither the Removal Notice nor the Complaint explicitly provide information about Plaintiff's domicile. *See* ECF No. [1] at 7 (indicating only that Plaintiff "is a corporation duly authorized to conduct business in the State of Florida."). The Court is, therefore,

---

[2] The Court notes again that Defendant Alvarino P.A.'s jurisdictional information is absent from the Remove Notice. *See* ECF No. [1].

unable to determine whether Plaintiff and all Defendants have diverse citizenship. *See Triggs*, 154 F.3d at 1287. And, as already explained, Defendant Alvarino did not provide any additional information in response to the Show Cause Order.

Without additional information about Plaintiff's citizenship, the Court cannot determine whether every plaintiff is diverse from every defendant. *See Rolling Greens*, 374 F.3d at 1021–22; *Triggs*, 154 F.3d at 1287. As a result, the Court cannot ensure that complete diversity exists, *see Triggs*, 154 F.3d at 1287, as it is required to do, *see Univ. of S. Ala.*, 168 F.3d at 410; *Ruhrgas AG*, 526 U.S. at 583. And no complete diversity means no diversity jurisdiction. *See Triggs*, 154 F.3d at 1287. Defendant Alvarino had the burden of establishing by a preponderance of the evidence that federal jurisdiction exists, *see Osting-Schwinn*, 613 F.3d at 1085, and he has not done so as to diversity jurisdiction under § 1332, *see Rolling Greens*, 374 F.3d at 1021–22; *Triggs*, 154 F.3d at 1287.

The Court made clear in the Show Cause Order that if Defendant Alvarino failed to properly allege subject-matter jurisdiction in his response, the Court might remand this case to the state court without further warning. *See, e.g.*, *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) (noting courts "construe removal jurisdiction narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party"); *Sonoc Co., LLC v. Manucy*, No. 08-CV-409-J-25TEM, 2008 WL 11336348, at *2 (M.D. Fla. June 30, 2008) ("The Court recognizes that Defendants are proceeding *pro se* in this action. However, the requirements of removal are strictly construed."); *Travaglio*, 735 F.3d at 1268 ("[I]f a Complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case."). And Defendant Alvarino did not respond to the Show Cause Order at all, let alone with information sufficient to establish federal subject-matter jurisdiction.

CASE NO. 26-CV-21499-ELFENBEIN

Accordingly, the Court must conclude that it lacks subject-matter jurisdiction over Plaintiff's claims. *See Kokkonen*, 511 U.S. at 377; *Ruhrgas AG*, 526 U.S. at 583; *Univ. of S. Ala.*, 168 F.3d at 410; *Pacheco*, 139 F.3d at 1373.

For the foregoing reasons, this action is **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *See Pacheco*, 139 F.3d at 1373; *cf.* Fed. R. Civ. P. 12(h)(3). The Clerk of Court is directed to **CLOSE** this case. All deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED** as **MOOT**.

**DONE and ORDERED** in Chambers in Miami, Florida on March 18, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

**Jorge Alvarino**
7751 NW 174th Ter.
Hialeah, FL 33015
*PRO SE*

6